# UNITED STATES DISTRICT COURT

for the

District of Nebraska

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Silver and White iPhone, recovered from Ramiro<br>Rodriguez, being stored at Bellevue Police Department | )<br>)<br>)<br>)<br>) |

Case No.   8:25-mj-640

## APPLICATION FOR A SEARCH WARRANT

At the request of an attorney for the government, I state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Silver and White iPhone, recovered from Ramiro Rodriguez, being stored at Bellevue Police Department, further described in Attachment A.

located in the _____ District of _____ Nebraska _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841/846 | Conspiracy/possession with intent/distribution controlled substances |
| 18 USC §§ 1956, 1957 | Money Laundering |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

This application and affidavit were presented by an attorney for the government.

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

_____
*Applicant's signature*

Jamey Murray, Detective, FBI/TFO
*Printed name and title*

Date: _____11/21/2025_____

_____
*Judge's signature*

City and state:  Omaha, NE

Michael D. Nelson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF **a silver and white iPhone**, recovered from Rodrigo Rodriguez, CURRENTLY LOCATED AT Bellevue Police Department, at 1510 Wall St, Bellevue, NE 68005 | Case No. 8:25-mj-640 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Jamey Murray, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property--electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.    I am a law enforcement officer with the Bellevue Police Department and have been since August of 2008.  I am currently assigned to our Special Investigations Unit, in which we investigate primarily narcotic and firearm violations.  I am also currently assigned to the Federal Bureau of Investigation's (FBI) Western Transnational Organized Crime Task Force (TOC West).  Prior to working for the

1

Bellevue Police Department, I worked for the Cheyenne Police Department, in Cheyenne, WY, for 12 ½ years. Approximately 5 of those years were spent as a narcotics detective. As a narcotics detective and Task Force Officer, I have been tasked with investigating organized criminal enterprises involving the smuggling, distribution and sales of illegal guns and drugs. I have authored affidavits in support of search warrants, criminal complaints and for arrest warrants. These investigations have resulted in arrests of individuals who have smuggled, received, and distributed controlled substances, including methamphetamine, cocaine, crack cocaine, and marijuana, as well as the seizure of controlled substances and the proceeds of the sale of those controlled substances. Through the course of these investigations, I have personally interviewed confidential sources and persons arrested for the distribution of illegal drugs. My training and experience as a Police Officer, a Task Force Officer, my participation in the investigation of drug trafficking organizations, my conversations with known drug traffickers and my conversations with other law enforcement officials familiar with drug trafficking and money laundering, form the basis of my opinions and conclusions set forth below which I drew from the facts set forth herein. I am familiar with drug traffickers' methods of operation including the distribution, storage, and transportation of controlled substances and the collection of monetary proceeds of drug trafficking and methods of money laundering used to conceal the nature of the proceeds. I have conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well

2

as related money laundering statutes involving the proceeds of specified unlawful activities and conspiracies associated with controlled substances, in violation of Title 21, United States Code, §§ 846 and 841(a)(1) and Title 18 United States Code §§ 1956. 1957.

3.    This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.    The property to be searched is a silver and white iPhone (hereinafter referred to as Device 1). This silver and white iPhone will be referred to as "the Device." The Device was recovered from Ramiro Rodriguez upon his arrest for a federal warrant. The Device is currently located at the Bellevue Police Department, located at 1510 Wall St, Bellevue, NE 68005.

5.    The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6.    The United States, including the Federal Bureau of Investigation (FBI) and other local law enforcement agencies, is conducting a criminal investigation into the criminal conspiracy of several individuals distributing illegal narcotics within the

3

State of Nebraska, the State of Iowa, as well as other States, in possible violations of 21 U.S.C. §§ 841(a)(1) and 846.

7.    Since approximately November of 2024, the FBI, the Bellevue Police Department, and the Council Bluffs Police Department have been investigating a drug trafficking organization (DTO) that is operating in the greater Omaha metropolitan area selling primarily cocaine and marijuana. The source of supply (SOS) for the cocaine has been identified as Raul Landeros-Jimenez (hereafter Landeros-Jimenez), who lives in Council Bluffs, IA. The SOS for the marijuana has been identified as Randy Holt Jr (hereafter Holt), who lives in Papillion, NE. Another co-conspirator has been identified as Ramiro Rodriguez (hereafter Rodriguez), who lives in Bellevue, NE. And lastly, Deleney Santos (hereafter Santos), who lives in Omaha, NE, has been identified as a co-conspirator with this DTO. These four individuals have significant involvement in the DTO.

8.    During the course of this investigation, law enforcement (LE) has conducted both physical and fixed surveillance on all four co-conspirators: Landeros-Jimenez, Holt, Rodriguez, and Santos. LE has observed Landeros-Jimenez and Holt meet together on a very frequent basis and have observed Landeros-Jimenez and Rodriguez meet together on numerous occasions. LE has also observed Holt and Santos meet together. LE also identified a building at 2021 Q St that this DTO was using in furtherance of trafficking illegal controlled substances. Landeros-Jimenez

4

and Holt have been seen there on an almost daily basis since approximately May of 2025. Rodriguez has been seen there a few times.

9.    Based off of surveillance on Landeros-Jimenez, Holt, Rodriguez, and 2021 Q St from April of 2025 through November of 2025, LE have conducted several traffic stops that have resulted in the seizure of over 8 kilograms of cocaine, over 90 pounds of marijuana, and over $200,000 in US currency. For example, a traffic stop conducted on Holt in August of 2025 resulted in LE seizing approximately 91 pounds of marijuana, a small amount of cocaine, and four cellphones from him. In another example, a traffic stop on Santos in September of 2025 resulted in LE seizing approximately three pounds of cocaine, approximately $27k, and three cellphones from him.

10.    A court-authorized search warrant allowed for Holt's cellphones to be digitally examined, while Santos consented to his phones being digitally examined. Once those forensic examinations were complete, LE observed text messages/conversations and photos/videos that were consistent with drug trafficking on the phones belonging to both Holt and Santos. Additionally, on Holt's phones, LE located communication between Santos and him. On Santos' phones, LE located communications between Holt and him and Rodriguez and him. During this investigation, LE has learned that Landeros-Jimenez changes phones and phone numbers on a frequent basis, making it more difficult to determine what phone number(s) in Holt and Santos phones could be attributed to him.

5

11.    A court-authorized search warrant (8:25-mj-634) was granted for Ramiro Rodriguez's cellphone on 11-14-25.  Upon meeting with the forensic detective who was going to conduct the extraction, it was determined that in the original search warrant I took photographs of the wrong cellphone and included them in the warrant. I have now included pictures of the correct cellphone, which is a silver and white iPhone.  Other than this paragraph, there is no new information contained in this probable cause statement.

12.    Investigators seek this search warrant in relation to cocaine, marijuana, and other illegal controlled substances being trafficked by Ramiro Rodriguez in the District of Nebraska. Investigators believe the Device will contain valuable information in determining further co-conspirators, facilitators, and sources of supply.

13.    Based on your Affiant's training and experience, your Affiant knows that persons who traffic drugs often utilize cellular devices to communicate about distribution, trafficking, etc. with drug customers, sources of supply, and others involved in drug trafficking. Additionally, drug traffickers often utilize multiple cellular phones to facilitate drug trafficking and will keep old cellphones so that they still have access to old contacts, phone numbers, ledgers, etc.

14.    Based on your Affiant's training and experience with cellular devices, computers, and flash drives, your Affiant knows that the Devices can store information, to possibly include package tracking numbers, locations, messages,

6

photos, videos, social media applications, and digital currency sources. Also, based on your Affiants training and experience, your Affiant knows that persons who choose to mail or ship their illegal controlled substances and/or US currency, will utilize package tracking numbers to be able to track the packages and to provide that information to the person who will be receiving the package. Thus, your Affiant believes that these aforementioned Device utilized by Rodriguez will retain data that is criminal in nature.

15.     Based upon my training, experience, and participation in this and other drug trafficking investigations, I have reason to believe that drug traffickers often place assets in names other than their own to avoid detection of these assets by government and law enforcement agencies. Drug traffickers often place assets in names of corporate entities in order to avoid detection of these assets by government and law enforcement agencies, and even though these assets are placed in the names of other persons' names, the drug traffickers actually own and continue to use these assets and exercise dominion and control over them. Drug traffickers must maintain and have quick access to significant amounts of United States currency in order to maintain and finance their ongoing drug business. And your Affiant knows that drug traffickers will attempt to legitimize the profits from illegal drug transactions by using domestic banks and their attendant services (e.g., safe deposit boxes, securities, and cashier's checks).

16.     Furthermore, your Affiant believes that Rodriguez is utilizing the Device to further the illicit sales and narcotics trafficking in Omaha, NE and other States.

17.     The Device is currently in the lawful possession of the Bellevue Police Department.  They came into the Bellevue Police Department's possession in the following way: A traffic stop was conducted on Rodriguez, and he was arrested on a federal arrest warrant.  The Device was in Rodriguez' possession at the time of his arrest and was seized.  Therefore, while the Bellevue Police Department and the FBI might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

18.     The Device is currently in storage at the Bellevue Police Department. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the Bellevue Police Department.

## **TECHNICAL TERMS**

19.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage

9

medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24

10

NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include

11

global positioning system ("GPS") technology for determining the location of the device.

f.  IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

20.  Based on my training and experience, I know that the Devices have capabilities that allow them to serve as wireless telephones, digital cameras, portable media players, GPS navigation devices, PDA's, operate with IP Addresses, and access

12

the Internet. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

22.     There is probable cause to believe that things that were once stored on the Devices may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

13

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

23. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also

14

forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

15

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire

medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

25.     *Manner of execution.*   Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.   Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

26.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Jamey Murray
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me by telephone or other reliable electronic means on November 21, 2025:

Michael D. Nelson
United States Magistrate Judge

17

## ATTACHMENT A

The property to be searched is a silver and white iPhone (hereinafter referred to as Device 1). This silver and white iPhone will be referred to as "the Device." The Device was recovered from Ramiro Rodriguez upon his arrest for a federal warrant. The Device is currently located at the Bellevue Police Department, located at 1510 Wall St, Bellevue, NE 68005.

**Device 1**



This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

1

## ATTACHMENT B

1.     All records on the Device described in Attachment A that relate to violations of Title 21, United States Code, §§ 846 and 841(a)(1) and Title 18 United States Code §§ 1956, 1957 and involve Ramiro Rodriguez, including:

    a.  lists of co-conspirators and customers and related identifying information;

    b.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c.  any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d.  any information recording Holt's schedule or travel;

    e.  all bank records, checks, credit card bills, account information, and other financial records.

2.     Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.     Records evidencing the use of the Internet Protocol address's, including:

    a.  records of Internet Protocol addresses used;

2

b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

SD/IA (Rev. 5/21) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Silver and White iPhone, recovered from Ramiro<br>Rodriguez, being stored at Bellevue Police Department | )<br>)<br>)<br>)   Case No.  8:25-mj-640<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application presented by an attorney for the government requests the search of the following person or property located in the _____ District of _____ Nebraska _____

*(identify the person or describe the property to be searched and give its location):*

Silver and White iPhone, recovered from Ramiro Rodriguez, being stored at Bellevue Police Department, further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____December 5, 2025_____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Michael D. Nelson, United States Magistrate Judge__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   11/21/2025 4:22 pm _____   _____
*Judge's signature*

City and state:   Omaha, NE _____   Michael D. Nelson, U.S. Magistrate Judge
*Printed name and title*

SD/IA (Rev. 5/21) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>  8:25-mj-640 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____


_____
*Executing officer's signature*


_____
*Printed name and title*

## ATTACHMENT A

The property to be searched is a silver and white iPhone (hereinafter referred to as Device 1).  This silver and white iPhone will be referred to as "the Device."  The Device was recovered from Ramiro Rodriguez upon his arrest for a federal warrant. The Device is currently located at the Bellevue Police Department, located at 1510 Wall St, Bellevue, NE 68005.

**Device 1**



This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Device described in Attachment A that relate to violations of Title 21, United States Code, §§ 846 and 841(a)(1) and Title 18 United States Code §§ 1956, 1957 and involve Ramiro Rodriguez, including:

   a. lists of co-conspirators and customers and related identifying information;

   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d. any information recording Holt's schedule or travel;

   e. all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.      Records evidencing the use of the Internet Protocol address's, including:

   a. records of Internet Protocol addresses used;

2

     b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.